### 1822. MURRAY et al. v. MAYOR AND COUNCIL OF AMERICUS.

HILL, C. J. 1. The demurrer to the petition is without merit, and the court properly overruled it.

2. It is doubtful if the motion to recommit the auditor's report was timely filed, but even if it was, there was no error in refusing to recommit the report and entering up final judgment in accordance therewith, as the findings of the report were sufficiently full, specific, and definite to enable the court to do so.　　　　　*Judgment affirmed.*

Action on bond; from city court of Americus—Judge Crisp. February 8, 1909.

Submitted June 10,—Decided December 24, 1909.

The action was against C. W. Murray, as principal, and the United States Fidelity and Guaranty Company, as surety, on bonds executed by them to the Mayor and City Council of Americus for the faithful discharge of the principal's duties as superintendent of the city's waterworks, one of which duties, as prescribed by an ordinance of the city, was to receive and collect all water rents or other moneys due the city from consumers, and turn them over to the clerk and treasurer of the city, and make a report thereof to the mayor and city council. The petition alleged, in paragraph 6, that Murray, as superintendent of the waterworks for the year beginning January 1, 1905, failed to turn over to the clerk and treas-

urer of the city all of the proceeds arising from water rents which he collected, as it was his duty to do, and failed to account to the plaintiff for all the money received by him as water rents; that from January 1, 1905, to June 30, 1905, he collected from water rents $511.96 in excess of the amount paid over by him to the treasurer of the city. A similar allegation was made as to subsequent water rents, and it was alleged that Murray had accordingly failed to account for the sum stated. Paragraph 7, after alleging that specified amounts collected from named persons on certain dates were never entered on the books of Murray's office, and never accounted for, alleged that between specified dates in 1907 he collected from water rents specified sums in excess of the amounts deposited by him with the clerk and treasurer of the city, and failed to account for the sums so collected. The same items appeared in an exhibit attached to the petition. The defendants demurred, on the grounds, that the petition failed to set up a cause of action; that paragraph 6 was too vague and indefinite, and did not show the date or from whom any particular amount was collected, or what amounts were collected, or what amounts turned over to the proper authority, or what amounts were not accounted for; and that paragraph 7 and the exhibit were too vague and indefinite, for like reasons. The demurrer was overruled. The case was referred to an auditor, who made a report containing numerous findings of fact and of law, and giving judgment against the defendants for a stated sum; to which report exceptions were filed by the defendants. They moved also to recommit the case to the auditor, on the ground that his report was too vague and indefinite. This motion was overruled, and the judge (who by consent heard the case without a jury) sustained the findings of the auditor, and rendered judgment against the defendants thereon. The defendants excepted to this judgment and to each of the previous rulings stated. The point is made, in the brief of counsel for the defendant in error, that the motion to recommit was too late, because made more than twenty days after the filing of the auditor's original report, though made in less than twenty days after the filing of his supplemental report by which a brief of the documentary evidence was added to the original report.

*Shipp & Sheppard, Dykes & Nisbet,* for plaintiffs in error.

*Maynard & Hooper,* contra.